# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| BRUCE GROVE | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § CASE NO. 4:11cv642 |
| | § |
| ASSURED SELF STORAGE | § |
| | § |
| Defendant. | § |

## MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND ORDER SETTING SCHEDULING CONFERENCE

Defendant Assured Self Storage (Assured) has filed this Motion for Summary Judgment on Plaintiff Sgt. Bruce Grove's claim for violation of 38 U.S.C. § 4311 (Dkt. 22). That statute prohibits discrimination against those who serve in the armed forces. The prohibition extends to any denial of initial employment, re-employment, retention in employment, promotion, etc.

Plaintiff worked as a resident manager and tenant at a storage unit in Lewisville. He was first deployed to Iraq as a member of the National Guard in October 2004. He returned from service in 2006. During this time, Assured paid Grove's wife an increased salary to account for her additional duties. It appears she also worked along side her husband.

Sometime in April 2008, Assured began discussions with an EBS, Inc. to sell the storage unit in Lewisville. Sometime in the early summer of 2008, Sgt. Grove once again received orders for deployment. It appears that the same arrangements were made with his wife to run the facility in his absence.

1

In September 2008, the facility was sold to EBS, and, according to Grove, his wife had three days to vacate. Assured maintains it was an arms-length transaction. Exhibit 6 is the termination letter which provided for the immediate termination of the Groves. *See* Dkt. 23-4. The reason given is the sale of the property to EBS, Inc. Sgt. Grove took emergency leave shortly before departure to assist his wife in the move.

Defendant argues that Sgt. Grove has only pled a cause of action under § 4311 and not § 4312. However, § 4311 prevents discrimination in re-employment, and the complaint clearly references his request to be re-employed.

Therefore, the Court finds there are two inquires. First, was his status as a member of the armed forces a motivating factor in his termination? To that question, the Court finds there is no issue of material fact and finds in favor of the Defendant Assured. Even Sgt. Grove admits that his status was not a motivating factor in his termination.

Thus, the Court turns to the second question: was Sgt. Grove denied re-employment rights, and, if so, was there a valid reason for such denial? On this question, the Court has reviewed the briefs and evidence and finds that there is a fact issue for determination. It appears that Sgt. Grove wanted to return to employment, and at first Assured was interested in re- employing him. *See* Dkt. 23-4 at Exhs. 7, 8 and 9. Assured's representative, Blair, said that no Resident Manager jobs were available so it would have been impossible or unreasonable to re-employ Sgt. Grove. *See* Dkt. 23-4 at Exh. 3. He also claims to have received advice from the Employer Support of the Guard and Reserve to ensure compliance with the USERRA statute.

The Court does not read Assured's obligations as narrowly as Assured argues. Section 4313 states that a person shall be promptly employed in **a position** of employment in which the person would have been employed **or** in a position of like seniority, status and pay, the duties of which the person is qualified to perform. *See* 38 U.S.C. §4313. The Court reads this as a responsibility of the employer to try and accommodate the service member. Assured argues that *Millhauser v. Minco Products, Inc.*, 855 F.Supp.2d. 885 (D. Minn. 2012) stands for the proposition that when the service member's job has been eliminated as part of a reduction in force, then the employer is excused from its re-employment obligation. The cases cited by that court predate the amendment to the statute adding Section 4313. Section 4312 notes that there is a duty to accommodate unless such would produce an undue hardship. 38 U.S.C. § 4312(d)(1)(B). It is the burden of the employer to demonstrate its affirmative defense of undue hardship, and the defense is construed narrowly against the employer. *See U.S. v. Nevada*, 817 F.Supp.2d 1230, 1242 (D. Nev. 2011).

Section 4312(d)(1) provides that there is no duty for re-employment if the employer's circumstances have so changed as to make such re-employment impossible or unreasonable. 20 C.F.R. § 1002.139 provides in part that an employer may be excused from re-employing the employee where there has been an intervening reduction in force that would have included the employee. However, the employer may not refuse to re-employ the employee on the basis that another employee was hired to fill the re-employment position during the employee's absence, even if re-employment might require the termination of that replacement employee.

The Court reads Blair's affidavit to argue that, because Sgt. Grove only wanted a Resident Manager job and none was available, its obligations under the statute were met. The Court does not

read Sgt. Grove's intent so narrowly. *See* Dkt. 23-2, Page 97 of Grove's deposition. The Court is particularly drawn to Exhibit 8 which is an email from Blair Valk of Assured. *See* Dkt. 23-4. Valk says that Assured is working on finding a position. Valk also asks how many hours Sgt. Grove can work given his reserve obligations. This never appeared to be an issue before. The Court does not at this juncture find that the sale of one facility is a company wide reduction in force to constitute changed circumstances. Although Valk states that, from October 2009 to February 2010, there were no Resident Managers positions available, the affidavit is silent as to whether any such positions were available from September 2008 (his deployment date) to October 2009. *See* Dkt. 23-4 at Exh. 3. The affidavit is also silent on what other jobs might have been suitable , if any, and what type of undue hardship Assured would have encountered in attempting to comply with Section 4313.

An employer desiring to relieve itself of its obligation to re-employ a veteran, even though it may be able to show that his former position no longer exists within the organization, must produce evidence that there was no other position of like seniority, status, and pay to which the veteran could be restored. *See Sullivan v. West Co.*, 67 F.Supp. 177 (D.C. Pa. 1946). There is a fact issue, and the burden of proof is on Assured. Federal Rule Civil Procedure 56(a) provides that the Court may only grant a motion for summary judgment when there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. Therefore, Defendant Assured Self Storage's Motion for Summary Judgment (Dkt. 22) is GRANTED in part as to the motivation claim but DENIED otherwise.

The case will proceed to trial. The Court will hold a scheduling conference regarding all remaining deadlines, including the setting of a trial date, on **Thursday, June 27, 2013 at 1:15 p.m.**

**SO ORDERED.**

**SIGNED this 18th day of June, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE